UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HOLLY LYNN GRENIER,

    Plaintiff,

v.                                    Case No: 6:17-cv-190-Orl-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## **OPINION AND ORDER**

Plaintiff, Holly Lynn Grenier, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for SSI on May 23, 2012, alleging a disability onset date of May 23, 2012 (amended onset date). (Tr. 49-50, 104, 174-80). Plaintiff's claim was denied initially on September 14, 2012, and upon reconsideration on February 12, 2013. (Tr. 119-24, 131-35). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") M. Dwight Evans on February 25, 2015. (Tr. 45-89). On July 2, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 27-44). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on December 7, 2016. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on February 3, 2017. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 23, 2012, the application date. (Tr. 32). At step two, the ALJ found that Plaintiff had a single severe impairment, degenerative disc disease. (Tr. 32). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 33).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 C.F.R. 416.967(b) except she could sit up to three hours at one time, stand up to three hours at one time, and walk up to two hours with the use of a cane alternating with the hands and using her free hand to carry small objects. The claimant would be limited to occasional climbing and stooping and could never crouch or crawl. The undersigned notes that the claimant's hearing is not affected, that she is able to use a telephone and hear and understand instructions, and is able to avoid ordinary hazards in the floor and approaching. The claimant is also able to read the newspaper and determine the differences in shapes, colors and objects. With regard to the using her hands, the claimant can continuously use her right dominant hand over 2/3 of the workday for handling, feeling, and fingering. The claimant is able to frequently handle, finger and feel with the left hand, frequently operate foot controls with both feet, and occasionally reach in all directions except overhead. The claimant is limited to occasional exposure to unprotected heights, moving mechanical parts, and work in humidity and wetness, frequent exposure to work in extreme cold or extreme hear and work around vibrations, and continuous exposure to work around dust, fumes and pulmonary irritants. The claimant can also frequently operate a motor vehicle.

(Tr. 33-34). At step four, the ALJ found that Plaintiff was not capable of performing her past relevant work as a waitress, vacuum sales person, or cashier/sales person. (Tr. 36).

At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in the national economy in significant numbers that Plaintiff can perform. (Tr. 36). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform the jobs of cashier II with a sit/stand option, parking lot attendant, and ticket seller. (Tr. 37). The ALJ concluded that Plaintiff was not under a disability since May 23, 2012, the date the application was filed. (Tr. 37).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to properly evaluate the opinion of treating orthopedic surgeon Richard Hynes, M.D. Plaintiff argues that the ALJ failed to thoroughly discuss Dr. Hynes' opinion and mischaracterized many of Dr. Hynes

- 5 -

findings in the decision. For example, Plaintiff contends that the ALJ ignored Dr. Hynes' opinion that Plaintiff could not (1) sit for a total of more than 2 to 3 hours in an 8-hour workday; (2) stand for a total of more than 2 to 3 hours in an 8-hour workday; or (3) walk for a total of more than 2 hours in an 8-hour workday. (Doc. 18 p. 19 citing Tr. 599).

Further, Plaintiff argues that the ALJ failed to discuss Dr. Hynes' opinion that Plaintiff could not walk a block at a reasonable pace on rough or uneven surfaces and could not climb a few steps while using a single hand rail. (Doc. 18 p. 20 citing Tr. 603). Plaintiff argues that the ALJ misquoted several of the restrictions Dr. Hynes assigned Plaintiff on January 27, 2015. (Doc. 18 p. 20). For example, according to Plaintiff, the ALJ stated that Dr. Hynes opined Plaintiff could lift/carry up to 20 pounds occasionally, when in fact Dr. Hynes actually opined Plaintiff should not carry more than 10 pounds occasionally. (Doc. 18 p. 20). Likewise, while the ALJ stated that Dr. Hynes' assessed Plaintiff as being able to sit three hours in an eight-hour workday, Dr. Hynes actually opined Plaintiff could sit between 2 and 3 hours at one time without interruption and not sit for a total of more than 2 to 3 hours in an 8-hour workday. (Doc. 18 p. 20-21). Again, Plaintiff contends that the ALJ misquoted Dr. Hynes' restriction on standing, stating that Dr. Hynes assessed Plaintiff as able to stand three hours in an eight-hour workday when Dr. Hynes actually opined Plaintiff could stand between 2 and 3 hours at one time without interruptions and not stand for a total of more than 2 to 3 hours in an 8 hour workday.

Plaintiff contends that the ALJ erred by stating that he had presented Dr. Hynes' Medical Source Statement as a hypothetical RFC at the hearing and the vocational expert found significant jobs because the hypothetical question to the vocational expert included only parts of Dr. Hynes' opinion. (Doc. 18 p. 22). Finally, Plaintiff argues that the ALJ erred by giving only limited weight Dr. Hynes February 26, 2015 opinion. (Doc. 18 p. 22).

In response, Defendant argues that the ALJ did not misrepresent Dr. Hynes' opinion that Plaintiff could sit and stand three hours at one time and could sit and stand for a total of three hours each in an eight-hour workday. (Doc. 18 p. 28). Defendant contends that Plaintiff incorrectly asserts that the ALJ did not discuss Dr. Hynes' opinion that Plaintiff could not climb a few steps using a single handrail, as the ALJ specifically noted that Dr. Hynes found Plaintiff could not climb stairs. (Doc. 18 p. 29). Defendant notes that none of the jobs identified by the vocational expert and accepted by the ALJ require climbing and, therefore, Plaintiff has failed to show that she was harmed by the ALJ's finding that Plaintiff could only occasionally climb steps. (Doc. 18 p. 29). Defendant argues that the ALJ did not err by failing to discuss Dr. Hynes' opinion that Plaintiff could not walk a block at a reasonable pace on rough or uneven surfaces because such a limitation relates to activities of daily living, the ALJ otherwise addressed Dr. Hynes' opinion with sufficient specificity, and because there is no indication that such a limitation would direct a finding of disabled. (Doc. 18 p. 30). Defendant contends that the ALJ did not err by not including a limitation that Plaintiff would need to "rest at will" because Dr. Hynes' opinion that Plaintiff would need to rest at will is inconsistent with the remainder of his opinion that Plaintiff could sit/stand/walk up to eight hours total in an eight-hour workday. (Doc. 18 p. 30). Finally, Defendant argues that the ALJ properly evaluated and gave limited weight to the post-hearing opinion of Dr. Hynes from February 26, 2015. (Doc. 18 p. 31).

The record shows that on January 27, 2015, Dr. Hynes completed a standard form "Medical Source Statement of Ability to do Work-Related Activities (Physical)." (Tr. 598). The questions were predicated on the following instructions. "To determine this individual's ability to do work-related activities on a regular and continuing basis, please give us your opinions for each activity shown below." (Tr. 598). "Regular and Continuing Basis" was defined as "8 hours a day, for 5

days a week, or an equivalent work schedule." (Tr. 598). Dr. Hynes was first asked about any restrictions on lifting or carrying. Dr. Hynes opined Plaintiff could lift up to 20 pounds occasionally (up to 1/3 of the time) but should not carry more than 10 pounds occasionally. (Tr. 598). Dr. Hynes checked boxes indicating that Plaintiff could sit for two and three hours at one time without interruption. (Tr. 599). He also checked boxes that Plaintiff could not sit for a total of more than two and three hours in an 8-hour work day. (Tr. 599). Dr. Hynes opined Plaintiff could stand for both two and three hours at one time without interruption and not stand for a total of more than two and three hours in an 8-hour work day. Dr. Hynes opined Plaintiff could walk for 2 hours at one time without interruption and not walk for a total of more than 2 hours in an 8-hour work day. (Tr. 599). Dr. Hynes was next asked, "If the total time for sitting, standing and walking does not equal or exceed 8 hours, what activity is the individual performing for the rest of the 8 hours?" Dr. Hynes replied that the Plaintiff should "Rest [at] will [due] to HNP (herniated nucleus pulposis) [in the Cervical spine and the Thoracic spine,] Lumbar Fusion… (Tr. 599). Dr. Hynes opined that Plaintiff's cane was medically necessary but she could walk without a cane one block "but not often." (Tr. 599). Dr. Hynes opined Plaintiff could occasionally climb stairs and ramps, balance, and stoop. (Tr. 600). Dr. Hynes opined Plaintiff could use her free hand to carry small objects. (Tr. 599). Dr. Hynes opined Plaintiff should never reach overhead with either arm but could reach in all other directions occasionally. (Tr. 601). Dr. Hynes opined Plaintiff could not walk a block at a reasonable pace on rough or uneven surfaces and could not climb a few steps while using a single hand rail. (Tr. 603). Dr. Hynes opined Plaintiff's limitations were first present on 5/31/05 (Tr. 603).

On February 26, 2015, Dr. Hynes clarified the limitations he provided Plaintiff on January 27, 2015. (Tr. 613). Dr. Hynes opined it was unlikely that Plaintiff could work a full-time work

schedule on a sustained basis. Dr. Hynes opined Plaintiff would need to lie down or recline at will. Dr. Hynes estimated Plaintiff would need to lie down or recline in order to relieve her pain twice during an 8-hour work day. Dr. Hynes opined Plaintiff would need to take unscheduled breaks for 20 minutes. (Tr. 613-14). Dr. Hynes opined Plaintiff would have good and bad days of chronic pain. Dr. Hynes opined Plaintiff would be absent from work two to three times a month. (Tr. 614).

In his decision, the ALJ addressed Dr. Hynes' opinions as follows:

> On January 27, 2015, Dr. Hynes of the Back Center completed a Medical Source Statement, Physical. In this statement, Dr. Hynes assessed the claimant as able to lift/carry up to 20 pounds occasionally, sit three hours in an eight-hour workday, stand three hours in an eight-hour workday, and walk two hours in an eight-hour workday. Dr. Hynes added that the claimant requires a cane, but would be able to use her free hand to carry small objects. No climbing of ladders or scaffolds, no kneeling, crouching, or crawling, and occasional balancing, stooping, and climbing of ramps and stairs are also all noted. No impairment to hearing or vision is noted. Reaching overhead is precluded. However, occasional reaching in all other directions with both hands is possible. Continuous handling, fingering, and feeling with the right hand, frequent handling, fingering and feeling with the left hand, and frequent operation of foot controls with both are also all noted. Finally Dr. Hynes assessed the claimant with environmental limitations including no more than occasional exposure to unprotected heights, moving mechanical parts, and humidity and wetness, no more than frequent exposure to extreme cold or heat and vibrations, and continuous exposure to dusts, odors, fumes and pulmonary irritants (Exhibit 17F).
>
> The undersigned presented Dr. Hynes's Medical Source Statement as a hypothetical residual functional capacity at the hearing and the vocational expert found significant jobs (See jobs in finding ten). After the hearing, the claimant's attorney returned to Dr. Hynes for what appears to be a reduction in the original residual functional capacity to result in disability with a less than sedentary residual functional capacity. The undersigned gives this assessment at Exhibit 19F limited weight, as it is inconsistent with the other substantial evidence, even from Dr. Hynes. Additionally, none of the MRIs at Exhibit 16F or Exhibit 18F document impingement with the referenced herniations. Finally, the undersigned notes that the 2015 MRI findings appear to represent a new accident or injury other than an on-going or original injury.

(Tr. 35-36).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.,* 877 F.Supp.2d 1254, 1265 (M.D. Fla. 2012).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the Court finds that the ALJ did not err by failing to properly evaluate Dr. Hynes' opinions. While the ALJ did not specifically state the weight that was accorded to Dr. Hynes' opinion dated January 27, 2015, the ALJ's failure to do so does not warrant remand. In

his decision, the ALJ noted that at the hearing he presented Dr. Hynes' opinion from January 27, 2015, to the vocational expert, who in turn testified that there were a significant number of jobs in the national economy Plaintiff could perform. The ALJ's RFC finding, which is generally consistent with Dr. Hynes' opinion, and the ALJ's reliance on the vocational expert's testimony at step five demonstrate that he accorded Dr. Hynes' opinion from January 27, 2015, great weight.

The Court rejects Plaintiff's arguments that remand is necessary because the ALJ's summary of Dr. Hynes' opinion fails to accurately characterize Dr. Hynes' exact findings. Plaintiff is correct that the ALJ's summary does not recount Dr. Hynes' findings with total accuracy. For example, Plaintiff is correct that the ALJ fails to identify Dr. Hynes' finding that Plaintiff can lift up to twenty pounds occasionally, but can only carry ten pounds occasionally. The ALJ merely states that "Dr. Hynes assessed the claimant as able to lift/carry up to 20 pounds occasionally" which does not precisely reflect Dr. Hynes' opinion. Likewise, while the ALJ discussed Dr. Hynes' opinion as to Plaintiff's ability to sit, stand, and walk at one time without interruption, the ALJ did not discuss Dr. Hynes' findings as to Plaintiff's ability to sit, stand, and walk in total in an 8-hour workday.

While the ALJ's summarization of Dr. Hynes' January 27, 2015, opinion is not completely correct, any error is harmless because the hypothetical question posed to the vocational expert, whose testimony the ALJ ultimately relied at step five, correctly described Dr. Hynes' opinion. The hypothetical question to the vocational expert specified that the hypothetical person "could lift up to 20 pounds occasionally, can carry up to 10 pounds occasionally" thus accurately reflecting Dr. Hynes' opinion. (Tr. 79, 598). Likewise, the hypothetical question accurately reflected Dr. Hynes' opinion as the total amount of time a

hypothetical individual could sit, stand or walk in an 8-hour workday. (Tr. 79, 599). Thus, while the ALJ's summary of Dr. Hynes' opinion is imperfect, any error is rendered harmless because Dr. Hynes' findings were accurately related in the hypothetical question to the vocational expert, upon whose testimony the ALJ relied.

Further, the Court finds no error in the ALJ's treatment of Dr. Hynes' opinion from February 26, 2015. The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* Here, the ALJ provided good cause for according only limited weight to the February 26, 2015 opinion as it was inconsistent with other evidence of record, including evidence from Dr. Hynes. (Tr. 35). The ALJ noted in his decision that despite examinations revealing tenderness to palpitation in the spine and spasms, Plaintiff was overall described as stable. (Tr. 35). In addition, the ALJ earlier in his decision discussed Plaintiff's ability to carry on activities of daily living safely on current medications with no major side effects, Plaintiff's normal gross strength and functional range of motion in both the lower and upper extremities. (Tr. 35). These records, while reflecting Plaintiff had some limitations, do not support Dr. Hynes restrictions in the February 26, 2015 opinion.

In addition, the Court rejects Plaintiff's argument that the ALJ erred by ignoring Dr. Hynes' opinion that Plaintiff would need to rest at will. (Tr. 599, 613). Again, while the ALJ did not directly address this limitation by Dr. Hynes, the ALJ implicitly rejected this opinion, which was contained in the February 26, 2015 opinion that was accorded limited weight. The basis for

Dr. Hynes' opinion that Plaintiff would need to rest at will was "due to herniated nucleus pulposis in the cervical and thoracic spine and lumbar fusion." (Tr. 599, 613). The ALJ directly questioned this finding, noting that none of the MRIs at Exhibit 16F or Exhibit 18F document impingement with the referenced herniations." (Tr. 36).

There is no principle of administrative law or common sense that requires remand in quest of a perfect opinion and remand is not essential if it will amount to nothing more than an empty exercise. *Stanton v. Astrue*, 617 F.Supp.2d 1205, 1222 (M.D. Fla. 2008) (citing *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir.1989) and *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000)). In this case, to remand the case for the ALJ to reevaluate and clarify the weight given to Dr. Hynes' opinions would be an empty exercise. Despite the ALJ's summarization of Dr. Hynes' opinions being less than perfect, substantial evidence supports the ALJ's analysis of the opinions and the ALJ's ultimate finding that Plaintiff is capable of performing other work in the national economy.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of Section 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties